```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GREAT AMERICAN INS. CO.,
                        Plaintiff(s),                          **REPORT AND
                                                               RECOMMENDATION**
       -against-                                               CV 09-3520 ( ADS) (WDW)

GATEWAY ACOUSTICS CORP.,
ROBERT CONTI, CHRISTINA CONTI,
JAMES MURPHY, SUSAN MURPHY,
and FERNANDO ALVAREZ,
                        Defendant(s).
----------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from Judge Spatt is the determination of default damages. I recommend that damages be awarded in favor of plaintiff Great American Insurance Company (GAIC) and against the defaulting defendants, jointly and severally, for the bond amount of $125,000, additional expenses of $6197.61, prejudgment interest at the rate of 9% from the date of the expenditures of those amounts to April 14, 2010 in the amount of $11,229.67, plus prejudgment interest at the rate of 9% from April 15, 2010 to the date of judgment.

## BACKGROUND

This action was filed in August 2009 for reimbursement and indemnity for the losses of GAIC on a surety bond issued on behalf of defendant Gateway Acoustics. As alleged in the Complaint, on or about April 24, 2007, GAIC issued Surety Bond FS1281761 in the amount of $125,000 on behalf of Gateway in favor of labor union benefit funds (the Funds), as required by a collective bargaining agreement, with GAIC as surety and defendant Gateway as principal. DE[1], Compl., Ex. A. Earlier, on or about March 6, 2007, defaulting defendants Gateway, Robert Conti, Christina Conti, James Murphy, Susan Murphy and Fernando Alvarez executed a General Indemnity Agreement in favor of GAIC, agreeing that in the event a claim or suit was

made against GAIC, the indemnitors would "place the Surety in current funds sufficient to indemnify the Surety up to the full amount claimed . . . plus potential interest, attorneys' fees and costs." Complaint, Ex. A. In or about February 2009, the Funds made demand on the bond for unpaid benefits owed by Gateway. DE[14]. ¶4. On or about May 8, 2009, GAIC made payment under the bond for $125,000. Further, GAIC claims an additional $6,197.61 in consulting and legal fees and expenses. DE[14], ¶¶5-7.

In August 2009, GAIC commenced this action, with service on all defendants. None of the defendants answered or otherwise appeared, and GAIC moved for default judgment in January 2010. Judge Spatt granted the default judgment on March 13, 2010 and referred the determination of damages to me. By order dated March 16, 2010, the plaintiff was directed to file and serve papers in support of the claimed damages, and they did so, claiming damages in the amount of $131,197.61, plus pre-judgment interest.

## DISCUSSION

As noted, District Judge Spatt has entered a default judgment in favor of the plaintiff, GAIC. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant must prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at

159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Detailed affidavits and other documentary evidence can provide this basis. *See, e.g., Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

Here, the plaintiffs have submitted the affidavit of Ronald E. Wohlust, a surety claims consultant retained by GAIC, along with vouchers supporting the various expenditures. DE[14]. Copies of the underlying bond and indemnity agreement are attached to the Complaint. Both the well-pleaded allegations in the Complaint and the assertions and exhibits in Mr. Wohlust's affidavit establish the payment of the $125,000 and the liability of the defaulting defendants, all of whom signed the relevant documents, for repayment of that base amount. Further, Mr. Wohlust sets out additional costs totalling $6197.61, incurred by GAIC in connection with the bond, including payments to Mr. Wohlust ($2,686.59) and attorneys fees ($3,511.02). I find those costs to be reasonable and reimbursable under the bond and Indemnity Agreement. Thus, GAIC is entitled to $131,197.61.

GAIC also seeks prejudgment interest totalling $11,229.67, based on the separate items of damages set forth by Mr. Wohlust. DE[14], ¶6. New York law governs the claims in this action and New York law thus also governs the award of prejudgment interest. *See City of New York v. National Railroad Passenger Corp.,* 2009 WL 483343, *1 (E.D.N.Y. Feb. 25, 2009). CPLR 5001 authorizes the award of prejudgment interest under circumstances such as those herein, and CPLR 5004 sets the rate of that interest at 9%. "New York law permits courts to exercise discretion regarding the rate of prejudgment interest only when discretion is authorized by statute or the action is equitable in nature," neither of which circumstances applies here. *Id.* at *3

(citations omitted). Thus, GAIC is entitled to prejudgment interest at the rate of 9%. Courts have determined various relevant periods in connection with an award of prejudgment interest, and I find that interest should begin to accrue when the claims arose. In this case, that would be when the various payments were made to the Funds, to Mr. Wohlust and to the attorneys. Mr. Wohlust calculated the interest from those dates to the date of his affidavit, April 14, 2010, and I recommend the award of the $11,229.67 in prejudgment interest for that period. GAIC is also entitled to prejudgment interest on its expenditures from April 15, 2010 to the date of entry of judgment. I further recommend a finding that the defaulting defendants are jointly and severally liable for the damages.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiff by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defendants by certified mail, return receipt requested, and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 26, 2010

                                             /s/ William D. Wall
                                             WILLIAM D. WALL
                                             United States Magistrate Judge